IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LEILA MORRIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.:_____ |
| | § | |
| **WAL-MART STORES TEXAS, LLC,** | § | |
| | § | |
| Defendant. | § | *Jury Trial Requested* |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE PRESIDING:

NOW COMES Plaintiff **LEILA MORRIS** and files this her Original Complaint, and in support thereof would respectfully show the Court as follows:

### PARTIES

1. Plaintiff **LEILA MORRIS** is an adult citizen of the State of Florida.

2. Defendant, **WAL-MART STORES TEXAS, LLC** is a foreign limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in Arkansas. Said Defendant regularly conducts business activities in the Northern District of Texas such that said Defendant is subject to personal jurisdiction in this district. It may be served with process through its registered agent for service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a), in that there exists complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.  Venue is proper in this Court because, under 28 U.S.C. §1391(b)(1), a civil action may be brought in any district in which a defendant resides, and under 28 U.S.C. 1391(d), Defendant is deemed to reside in this district because Texas is a state with more than one judicial district, because Defendant is subject to personal jurisdiction in more than one judicial district, and because Defendant's contacts in this district are sufficient to subject it to personal jurisdiction. Further, venue is proper under 28 U.S.C. 1331(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas.

## FACTS

5.  Defendant is the owner and/or operator of a Wal-Mart store, Wal-Mart store #3274, located in the Northern District of Texas.

6.  On May 20, 2019, Plaintiff was an invitee and paying customer at Defendant's Wal-Mart store #3274.

7.  As Plaintiff was exiting the store and walking to the parking lot, unbeknownst to Plaintiff, the concrete sidewalk suddenly dropped off and caused Plaintiff to trip and fall off the concrete drop-off, seriously injuring Plaintiff.

8.  The occurrence causing the injury to Plaintiff was the result of the negligence of Defendant, its agents, servants and/or employees, which negligent acts and/or omissions were committed by Defendant's agents, servants and/or employees while in the course and scope of their employment with Defendant. Therefore, Defendant is liable pursuant to the doctrine of *respondeat superior*.

9.  On said occasion, Defendant was the owner and/or operator of the premises in question and in control of the premises on which Plaintiff's injuries occurred, as Defendant retained and exercised control and supervision over the premises.

10. On said occasion, Defendant through its agents, servants and/or employees, failed to

exercise the degree of care owed to Plaintiff and was negligent for allowing an unreasonably dangerous condition to exist on Defendant's premises.

11.   Defendant knew, or should have known, that the condition of the premises presented an unreasonable risk of harm to its invitees, including Plaintiff.

12.   Defendant knew, or should have known, of the unreasonable condition of the property, as such condition existed for such a length of time that Defendant, during reasonable inspections of its property, had actual or constructive knowledge of the condition.

13.   Defendant was negligent for failing to protect its invitees, including Plaintiff, by failing to eliminate or reduce the risk of the unreasonably dangerous condition of its property.

14.   Defendant was negligent for failing to adequately warn its invitees, including Plaintiff, of the unreasonably dangerous condition of the property.

15.   Plaintiff was not aware of the unreasonably dangerous condition of the property before she encountered it.

16.   A retail store owner/operator exercising ordinary prudence under the same or similar circumstances would have ensured that its agents, servants and/or employees timely corrected the unreasonably dangerous conditions of its premises and/or warned of such condition.

17.   Defendant's negligence above was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

## DAMAGES

18.   As a proximate cause of the occurrence made the basis of this lawsuit, Plaintiff suffered bodily injuries.

19.   Plaintiff was caused to incur reasonable and necessary medical treatment and expenses in the past.

20.   Plaintiff will, in reasonable probability, continue to incur medical expenses in the future.

21. Plaintiff suffered physical impairment in the past.

22. Plaintiff will, in reasonable probability, continue to suffer physical impairment in the future.

23. Plaintiff suffered physical pain and mental anguish in the past.

24. Plaintiff will, in reasonable probability, suffer physical pain and mental anguish in the future.

25. Plaintiff suffered a loss of earning capacity in the past.

26. Plaintiff will, in reasonable probability, suffer a loss of earning capacity in the future.

27. Plaintiff would show that the above and foregoing elements of actual damages have a monetary value in excess of the $75,000 minimal jurisdictional limits of this Court, for which actual damages she now sues.

## REQUEST FOR A JURY TRIAL

28. Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby requests a trial by jury.

## PRAYER

29. Plaintiff prays that Defendant be cited to appear and answer herein; and that upon final determination of this cause of action, Plaintiff have and recover judgment against Defendant for all actual damages to which she may be entitled; that Plaintiff recover all pre-judgment and post-judgment interest as allowed by law; that Plaintiff recover all costs of Court; and Plaintiff prays for such other and further relief, both general and special, in law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

ROBERT M. KISSELBURGH
Texas Bar No. 11538750
ANDERSON INJURY LAWYERS
1310 W. El Paso Street
Fort Worth, Texas 76102
Telephone: (817) 294-1900
Facsimile: (817) 294-3113
Email: robert@andersoninjurylaw.com

**ATTORNEY FOR PLAINTIFF**